***********
Based upon the competent evidence of record, the Full Commission adopts the Findings of Fact found by the Chief Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Plaintiff is an inmate in the custody of defendant. On November 25, 2002, plaintiff filed a Tort Claim Affidavit alleging medical negligence. Plaintiff alleged he was injured on October 1, 2002 when he was thrown from his seat while riding in a bus driven by a correctional officer. Plaintiff alleged he was not seen by the defendant's medical staff until October 16, 2002 and the injuries he received cause him great pain.
2. On December 22, 2003, the Chief Deputy Commissioner filed an Interlocutory Opinion and Award stating that plaintiff shall have one hundred and twenty days, up to and including April 18, 2004, to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure by securing an affidavit from a medical expert who has reviewed plaintiff's claim and is willing to testify. The Interlocutory Opinion and Award provided that should plaintiff fail to provide such letter or affidavit from a doctor or medical expert within the time permitted, plaintiff's civil action would be dismissed.
3. As of August 26, 2004, plaintiff had not provided such affidavit to the Commission.
 ***********
The foregoing Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the State Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v. N.C.State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. Pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure "[a]ny complaint alleging medical malpractice by a health care provider as defined in N.C. Gen. Stat. § 90-21.11 in failing to comply with the applicable standard of care under N.C. Gen. Stat. § 90-21.12 shall be dismissed unless:
 (1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
 (2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
 (3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.
3. Plaintiff has not provided an affidavit as required by Rule 9(j) of the North Carolina Rules of Civil Procedure within the time permitted by the Interlocutory Decision and Order entered on December 22, 2003 and the claim for medical negligence does not meet any of the exceptions for an affidavit. N.C. Gen. Stat. § 1A-1, Rule 9(j). Defendant's Motion To Dismiss this civil action for medical negligence should be granted. Id.
 ***********
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commission finds as follows:
 ORDER
1. Plaintiff's civil action is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 17th day of May, 2005.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER